IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JONATHAN SPEIGHT (AIS #226223) | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION: 16-00226-WS-C |
| MONROE COUNTY JAIL, *et al.*, | : | |
| Defendants. | : | |

REPORT AND RECOMMENDATION

Plaintiff Jonathan Speight, proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(a)(2)(R). It is recommended that this action be dismissed without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the claims are either frivolous or fail to state a claim upon which relief may be granted, and that Plaintiff be granted leave to show in his objections to this report and recommendation that he would be able to amend his complaint to state a valid claim.

I.      Complaint.  (Doc. 1).

Plaintiff Speight brings this suit against Monroe County Jail, Captain F. Conner, and the Administrator of the Jail for denying him previously prescribed medications in violation of his constitutional right to medical care. (Doc. 1 at 5-6). In his complaint, Speight alleges that during the time he was incarcerated at Monroe County Jail, March 8, 2016 through April 22, 2016, he was denied needed

medications, specifically Atenolol, and was never examined by a doctor or nurse. (Doc. 1 at 4, 9).

Atenolol is prescription medication which Plaintiff describes as necessary for regulating his heart rate, and being "vital to [his] well being" and livelihood. (Id. at 8). Plaintiff claims the Monroe County Jail medical staff and jail administrator were aware of his prescription needs, because he had received medications when incarcerated at Monroe County Jail on previous occasions, and he notified defendants in writing. (Id.). Plaintiff claims he submitted a standard inmate request form, upon arrival to the Monroe County Jail on March 8, 2016, informing (unnamed) personnel that he lacked his prescribed medications. And, after continued failure to receive the medication(s), he wrote a complaint letter, on April 7, 2016, in attempt to receive the medication(s). (Id. at 9).

Plaintiff was subsequently transferred from Monroe County Jail and is now being held at Elmore Correctional Facility. (Id. at 7). He filed this action on May 13, 2016 challenging his denial of prescription medications, from March 8 through April 22, 2016, during his time incarcerated at the Monroe County Jail. (Id. at 7).

II.     **Standards of Review Under 28 U.S.C. § 1915.**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint against a governmental entity, employee, or officer to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it "'lacks an arguable basis either in

2

law or in fact.'" Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008), quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1831-1832, 104 L.Ed.2d 338 (1989); see also Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (finding an action frivolous when the district court concludes that it has "little or no chance of success," because, based on the face of the complaint, the legal theories are "indisputably meritless," or the factual allegations are "clearly baseless,"—that is, the complaint "lacks an arguable basis either in law or in fact"), cert. denied, 510 U.S. 893, 114 S. Ct. 254, 126 L. Ed. 2d 206 (1993); see Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (a case is frivolous when it appears the plaintiff has little or no chance of success), cert. denied, 534 U.S. 1044, 122 S. Ct. 624, 151 L. Ed. 2d 545 (2001); Clark v. State of Georgia Pardons & Paroles Bd., 915 F.2d 636, 639 (11th Cir. 1990) ("A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'") (quotation omitted)).  A complaint fails to state a claim when it does not include enough factual matter—taken as true—to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  To avoid dismissal for failure to state a claim, the allegations must show plausibility.  Id. at 557.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the

3

pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (second brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949. In determining whether a claim is stated, the factual allegations are accepted as true, except for conclusory assertions or a recitation of a cause of action's elements. Id.; Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

When considering a *pro se* litigant's allegations, the court holds them to a more lenient standard than those of an attorney, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863, 110 S. Ct. 180, 107 L. Ed. 2d 135 (1989).

III.   Discussion.

   A.   Monroe County Jail.

Plaintiff alleges that defendant Monroe County Jail failed to provide him medical treatment and medication. (Doc. 1 at 5). However, this defendant is an entity that is not capable of being sued. Under § 1983 liability can only be imposed against an entity that is capable of being sued. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (Distinguishing between a "person" for liability (under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) and § 1983) and a "legal

4

entity subject to suit," the Court concluded the county sheriff's department was not a legal entity capable of being sued.).

The capacity of a party to be sued is "determined by the law of the state in which the district court is held[.]" Fed. R. Civ. P. 17(b); see Dean, 951 F.2d at 1214. Under Alabama law, the sheriff "has the legal custody and charge of the jail in his county and all prisoners committed thereto. . . ." Ala. Code § 14-6-1. Generally, a sheriff's department operates a county jail. However, an Alabama sheriff's department lacks the capacity to be sued. Dean, 951 F.2d at 1214; King v. Colbert Cnty., 620 So.2d 623, 626 (Ala. 1993); White v. Birchfield, 582 So.2d 1085, 1087 (Ala. 1991). Then, it follows that an Alabama county jail likewise lacks the capacity to be sued. Russell v. Mobile Cnty. Sheriff, No. Civ. A. 00-0410-CB-C, 2000 U.S. Dist. LEXIS 18045, 2000 WL 1848470, at *3 (S.D. Ala. Nov. 20, 2000) (unpublished) (finding that the Mobile County Jail is not a suable entity); Marsden v. Federal Bureau of Prisons, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (finding that the jail is not an entity amenable to suit); House v. Cook Cnty. Dep't of Corrs., No. 98 C 788, 1998 U.S. Dist. LEXIS 2262, 1998 WL 89095, at *2 (N.D. Ill. Feb. 13, 1998) (unpublished) (same); May v. North Cnty. Det. Facility, No. C 93-1180 BAC, 1993 U.S. Dist. LEXIS 10500, 1993 WL 300290, at *2 (N.D. Cal. July 21, 1993) (unpublished) (same); see also Castillo v. Cook Cnty. Mail Room Dep't, 990 F.2d 304, 307 (7th Cir. 1993) (finding that because the jail is not a suable entity, then it follows that the subdivision, the mail room, is not a suable entity). Therefore, the Court finds that Monroe County Jail is not a suable entity for § 1983 purposes. Accordingly, Plaintiff's claim against this defendant is frivolous as a matter of law.

    **B.**    **Captain Conner and Monroe County Jail Administrator.**

The Eighth Amendment[1] provides that, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.  The Eighth Amendment's proscription against cruel and unusual punishment prohibits prison officials from exhibiting deliberate indifference to a substantial risk of serious harm to an inmate.  Farmer v. Brennan, 511 U.S. 825, 828, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); see also Robinson v. California, 370 U.S. 660, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1972) (Eighth Amendment is applicable to the states through the Fourteenth Amendment).  The Supreme Court summarized a state's constitutional responsibilities with regard to inmates stating:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. . . . The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs -- e.g., food, clothing, shelter, medical care, and reasonable safety -- it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause.

DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989) (citations omitted).

---

[1] Plaintiff's complaint provides that he was incarcerated at Staton Correctional Facility prior to being transferred to Monroe County Jail on March 8, 2016, to await court proceedings.  (Doc. 1 at 9).  Thus, at the time this complaint arose, Plaintiff was within the custody of the Alabama Department of Corrections as a convicted prisoner.  As such his claims will be analyzed pursuant to the Eighth Amendment.  See Jacoby v. Baldwin Cnty., No: 14-12932, 2016 U.S. App. LEXIS 15929,*8 (11th Cir. Aug. 29, 2016) ("While the conditions under which a convicted inmate are held are scrutinized under the Eighth Amendment's prohibition on cruel and unusual punishment, the conditions under which a pretrial detainee are held are reviewed under the Due Process Clause of the Fourteenth Amendment.") (citing Bell v. Wolfish, 441 U.S. 520, 535 n.16, 99 S. Ct. 1861, 1872 n.16 (1979).

Plaintiff contends that the defendants failed to give him his prescription medications, in particular the medication Atenolol, for over a month while incarcerated at Monroe County Jail. In order to prevail on this Eighth Amendment claim, Plaintiff must show (1) a serious medical need, (2) the defendants' deliberate indifference to the need, and (3) a causal connection between the defendants' indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306 (11th Cir. 2009).

A serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id*. (internal quotation marks and citation omitted). For purposes of this report, the court assumes Plaintiff suffered from a serious medical need given that a physician previously prescribed him the medication Atenolol. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (The court holds *pro se* plaintiff's pleadings to "less stringent standards than formal pleadings drafted by lawyers" and will only recommend dismissal for failure to state a claim if it appears, "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.") (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(internal quotation omitted)).

However, Plaintiff's complaint is void of allegations of deliberate indifference on the part of defendants or injury caused by the denial of medications. This deficiency is detrimental to Plaintiff's claim; as current case

7

law is clear, the failure to dispense medicine alone does not rise to the level of a constitutional violation. See Estelle, 429 U.S. at 105-106 (The "inadvertent failure to provide adequate medical care cannot be said to constitutive 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.'"); see also Jones v. United States, 91 F.3d 623, 625 (3d Cir. 1996) (While failing to dispense medication exactly as prescribed may constitute negligence, it falls severely short of deliberate indifference.); Zentmyer v. Kendall Cnty., 220 F.3d 805, 812 (7th Cir. 2000) (Deliberate indifference is an onerous standard for the plaintiff, and forgetting doses of medicine, however incompetent, is not enough to meet it.); Mahan v. Plymouth Cnty. House of Corrs., 64 F.3d 14, 18 (1st Cir. 1995) (Failure to administer prescription medication did not constitute deliberate indifference absent evidence that prison officials knew the plaintiff would suffer serious medical consequences without medication).  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986).

      For liability to attach in this action, it is essential that Plaintiff establish deliberate indifference.  The Supreme Court has concluded that the "subjective recklessness" standard of criminal law is the test for "deliberate indifference" under the Eighth Amendment. Farmer, 511 U.S. at 839-40.  Under this test, there is no liability for "an official's failure to alleviate a significant risk that he should have perceived but did not . . . ." Id. at 838.  Accordingly, it is not enough that an inmate proves that the defendant should have known of the risk, but did not, as actual knowledge is the key.  See, e.g., Cottrell v. Caldwell, 85 F.3d 1480, 1491

(11th Cir. 1996). Pursuant to this standard, the court finds Plaintiff's complaint is void of facts suggesting Captain Conner or the unnamed Jail Administrator had personal knowledge of Plaintiff's need for medication or that either denied him medication for the purpose of punishing or inflicting pain on Plaintiff.

Plaintiff contends he submitted written requests for medications, but neither request was addressed to a named defendant, nor is it clear from the complaint which supervisors are responsible for reviewing such requests. Additionally, there are no allegations that Plaintiff ever communicated personally with any Monroe County Jail staff member that he was in need of medication or that he suffered symptoms that would have alerted officers or medical staff that he was in need of medication. Therefore, the complaint is void of facts indicating that the defendants possessed personal knowledge of Plaintiff's need for medications; thus, Plaintiff has failed to causally connect any claim to the direct actions of defendants or to identify a custom or policy initiated by defendants that resulted in deliberate indifference to his constitutional rights.[2]

---

[2] Furthermore, Plaintiff may not hold defendants liable merely as supervisors; such a claim is rooted in the theory of *respondeat superior* and is not cognizable in a § 1983 action. Edwards v. Ala. Dep't of Corrs., 81 F. Supp. 2d 1242, 1255 (M.D. Ala. 2000) ("A theory of *respondeat superior* is not sufficient to support [a] § 1983 claim. . . .").

> "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); Gonzalez, 325 F.3d at 1234, 2003 WL 1481583, at *4 (concluding supervisory officials are not liable on the basis of *respondeat superior* or vicarious liability). Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation. Gonzalez, 325 F.3d at 1235, 2003 WL 1481583, at *5; Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990). The necessary causal

Additionally, Plaintiff fails establish any injury due to the missed dosages of medication necessary to establish "wanton infliction of pain." In the context of medical care claims, the Supreme Court has held

> repugnant to the Eighth Amendment punishments which are incompatible with "evolving standards of decency that mark the progress of a maturing society." [sic] (citations omitted), or which "involve the unnecessary and wanton infliction of pain," (citations and footnote omitted).
>
> . . . . In the worst cases, such a failure may actually produce physical 'torture or a lingering death []' . . . . In less serious cases, denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose. The infliction of such unnecessary suffering is inconsistent with contemporary standards of decency . . . .
>
> We therefore conclude that deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain," (citation omitted), proscribed by the Eighth Amendment."

Estelle v. Gamble, 429 U.S. 97, 102-104, 97 S. Ct. 285, 290-291, 50 L. Ed. 2d 251 (1976).

---

connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Gonzalez, 325 F.3d at 1234, 2003 WL 1481583, at *5 (quoting *Braddy v. Fla. Dept. of Labor & Emp't,* 133 F.3d 797, 802 (11th Cir.1998)); Brown, 906 F.2d at 671. Alternatively, the causal connection may be established when a supervisor's "'custom or policy ... result[s] in deliberate indifference to constitutional rights'" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Gonzalez, 325 F.3d at 1235, 2003 WL 1481583, at *5 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)); Hartley, 193 F.3d at 1263; see also Post v. City of Ft. Lauderdale, 7 F.3d 1552, 1560-61 (11th Cir. 1993). "The standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous." Gonzalez, 325 F.3d at 1234, 2003 WL 1481583, at *4 (internal quotation marks and citation omitted).

Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

The court's concern with a claim regarding the denial of medicine "is that the denial [] should not inflict unnecessary suffering which would serve no penological purpose."  Manning v. Mobile Cnty. Metro Jail, 1996 U.S. Dist. LEXIS 19591, *17, S.D. Ala. Oct. 3, 1996) (quoting Moyers v. Buescher, 806 F. Supp. 218, 221 (E.D. Mo. 1992)).  Courts have interpreted the constitution as requiring medical treatment in cases where the failure to treat would result in torture, lingering death, pain, or suffering.  Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994) (interpreting Estelle).  Absent, however, from Plaintiff's complaint is any information establishing the consequences of the missed dosages of medication.  There are no descriptions of suffered symptoms related to the denial of the medications or any harm caused by the one month of interruption of medication.  This information is necessary to establish a constitutional claim, Steele v. Shah, 87 F.3d 1266 (11th Cir. 1996) (Plaintiff alleged the consequences of discontinuation of his medicine); without such facts, Plaintiff cannot establish the infliction of "unnecessary pain and suffering" necessary to establish an Eighth Amendment claim, and his claim fails.  Accord. Lewis v. Casey, 518 U.S. 343, 349-50, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996) (1996) (citing the standing doctrine as requiring that an actual injury be shown).  Therefore, Plaintiff's claims fall short of establishing a constitutional violation, and it is recommended that this complaint be dismissed prior to service, pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim.

## IV.   Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. §

1915(e)(2)(B)(i) and (ii) because Plaintiff's allegations are either frivolous or fail to state a claim upon which relief may be granted.

*Pro se* litigants are generally granted leave to file an amended complaint following dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).  In an amended complaint, Plaintiff should clearly allege facts showing that his cause of action is plausible and connecting each defendant to a specific claim(s).

Accordingly, Plaintiff is granted to leave to show in his objections to this report and recommendation that he is able to amend his complaint to state a claim, based on the guidance stated above.  Objections to this report and recommendation should be made pursuant to the time specifications found below in the "Notice of Right to File Objections."

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this 21st day of December 2016.

                                        s/WILLIAM E. CASSADY
                                      UNITED STATES MAGISTRATE JUDGE